**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:19-CV-14270-RLR**

CECIL CAMPBELL and
BRENDA CAMPBELL,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment and Incorporated Memorandum of Law ("Motion"). DE 56.  The Court has carefully considered the Motion, Allstate's statement of material facts supporting its Motion ("Statement of Facts") [DE 57], Plaintiffs Cecil Campbell and Brenda Campbell's (the "Campbells") response to the Motion [DE 58] ("Response"), Allstate's reply supporting its Motion [DE 59], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED**.

### I.      PROCEDURAL BACKGROUND

This action arises out of flood damage to the Campbells' property in Fort Pierce, Florida due to Hurricane Irma.  On August 2, 2019, the Campbells filed a complaint alleging breach of contract against Allstate, a Write-Your-Own ("WYO") insurance carrier participating in the U.S. government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* (the "NFIA").  DE 1.  The Campbells allege that Allstate breached the parties' Standard Flood Insurance Policy ("SFIP") by failing to pay

them the full amounts due thereunder.  *Id.* ¶ 11.  The Campbells seek to recover amounts up to the coverage limits in their SFIP; all other amounts payable under the SFIP; attorney fees, costs and case expenses that are payable under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; and any costs and fees incurred in connection with requesting fees under the EAJA.  *Id.* at 5.  On August 20, 2019, the Court set pretrial deadlines and a trial date for this litigation.  *See* DE 4.

Despite the Campbells filing their complaint on August 2, 2019, they did not serve Allstate until November 4, 2019.  DE 8.  By that time, multiple pretrial deadlines in DE 4 had passed.  Allstate answered the complaint on November 25, 2019 [DE 12], then moved to extend all pretrial deadlines on December 9, 2019.  DE 13.  The Court in turn entered an Order amending pretrial deadlines and the trial date.  DE 14.  Through the Order, all pretrial motions were due by June 1, 2020.  On March 26, 2020, the parties agreed to extend certain of those deadlines in docket entry 14.  DE 26.  Among other deadlines, the parties moved the deadline to complete fact discovery from April 24, 2020 to June 1, 2020.  *Id.*

On July 29, 2020—nearly two months after the deadlines to complete discovery and file pretrial motions passed—the Court held an hour-long status conference to discuss the progress of the case and the best approach to advance it.  DE 45.  Immediately after the status conference, the Court vacated its Order at DE 14 reflecting pretrial deadlines and the trial date; set deadlines by which the Campbells needed to provide certain documents to Allstate; set a deadline for the Campbells' second deposition; and set a deadline for the parties to conduct mediation.  DE 46. Also in that Order, the Court extended the deadline to file pretrial motions, including summary judgment motions, to September 14, 2020.  Allstate filed the instant Motion on September 11, 2020.

## II.      LEGAL STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A factual dispute is material if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact court return judgment for the non-moving party."  *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quotation marks omitted).  A court ruling on a summary judgment motion views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations.  *Id.*  Upon discovery of a genuine dispute of material fact, the court must deny summary judgment and proceed to trial.  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

If the movant shows that there is no genuine dispute as to a material fact, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial.  *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).  The non-moving party does not satisfy this burden "if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact."  *Jones*, 683 F.3d at 1292 (quotation marks omitted). "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact."  *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018).  The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Jones*, 683 F.3d at 1292 (quotation marks omitted).

### III.     FACTUAL BACKGROUND

**A.** *The Parties' Summary Judgment Materials*

Before addressing the legal arguments in Allstate's Motion, the Court addresses the requirements when briefing motions for summary judgment and the materials that the parties submitted to support and oppose Allstate's Motion.

Pursuant to Federal Rule of Civil Procedure 56(c)(1), a party asserting that a fact is or is not genuinely disputed must (i) cite particular parts of materials in the record, such as depositions, documents, electronically stored information, affidavits and declarations, or (ii) show that materials cited do not establish the presence or absence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support a fact.  If a party fails to support an assertion of fact or properly address an adverse party's assertion, a court may, among other things, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting material show that the movant is entitled to it.  Fed. R. Civ. P. 56(e).

Local Rule 56.1 is consistent with Federal Rule of Civil Procedure 56 and provides more specific guidance.  Local Rule 56.1 requires a motion for summary judgment and its opposition to each be accompanied by a statement of material facts.[1]  A movant's statement must list those material facts that it contends are not genuinely disputed; an opponent's must "clearly challenge any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute."  L.R. 56.1(a).  All facts in the parties' statements must be supported by specific, pinpoint references to particular parts of the record.  L.R. 56.1(b).  General citations to the record, without page numbers or pincites, will not suffice.  L.R. 56.1(b)(1).

Where a non-movant disputes a fact in a movant's statement, "evidentiary citations supporting the [non-movant's] position must be limited to evidence specific to that particular

---

[1] A motion for summary judgment its opposition must also incorporate a memorandum of law citing supporting authorities.  L.R. 7.1(a)(1), (c)(1).

dispute." L.R. 56.1(b)(2)(C). If a non-movant provides additional facts that it contends are material to the motion, those facts must be numbered and placed immediately after the non-movant's response to the movant's statement of material facts. L.R. 56.1(b)(2)(D). "The additional facts shall use separately numbered paragraphs beginning with the next number following the movant's last numbered paragraph." L.R. 56.1(b)(2)(D).

Failing to comply with the foregoing can be costly, as all material facts in a party's statement of facts may be deemed admitted unless controverted by the adverse party. L.R. 56.1(c). Further, if a party fails to file a statement of facts that complies with Local Rule 56.1, then consistent with Federal Rule of Civil Procedure 56, the Court may strike the statement, grant relief to the opposing party, or enter other sanctions that the Court deems appropriate. L.R. 56.1(d).

On August 20, 2019, the Court entered an Order reiterating the requirements for statements of material fact. *See* DE 4 at 11. The Court's Order stated in part:

> Local Rule 56.1(a) requires a motion for summary judgment (and opposition thereto) to be accompanied by a statement of material facts. Pursuant to Local Rule 56.1(a)(2), this statement of material facts must be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the court. *In the event a respondent fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.* Local Rule 56.1(b).

*Id.* at 11 (emphasis added). The Court further stated that "[a] respondent's statement of material facts must *specifically* respond to *each* statement in the movant's statement of material facts." *Id.* at 12 (emphasis added). The Court provided a visual example of what a respondent's statement of material facts should look like; the example contains numbered paragraphs and specific record citations. *Id.* at 13. The Court's Order further admonished that if "a party fails to comply with the requirements delineated in this section, the Court may strike the deficient

statement of material facts and require immediate compliance, grant an opposing party relief, or enter any other sanction that the Court deems appropriate." *Id.*

On September 11, 2020, Allstate filed its Motion and its Statement of Facts.  DE 56, 57. Allstate's Motion incorporates a memorandum of law supporting its arguments, in satisfaction of Local Rule 7.1(a)(1).  Allstate's Statement of Facts contains fifteen numbered paragraphs, each with citations to exhibits supporting the facts that it contends are undisputed.  *See* DE 57 ¶¶ 1-15. Allstate's summary judgment materials thus satisfy Federal Rule of Civil Procedure 56, Local Rule 56.1, and this Court's Order at DE 4.

On September 23, 2020, the Campbells filed their Response to Allstate's Motion.  DE 58. Their Response does not incorporate a memorandum of law, in violation of Local Rule 7.1(c)(1). Nor did the Campbells file a separate statement of material facts challenging each numbered paragraph in Allstate's Statement of Facts.  Rather, their Response is a list of 18 exhibits, plus the exhibits themselves, and is nearly void of pinpoint references to portions of those exhibits. To the extent that the Cambells sought to assert additional material facts not raised by Allstate, the Campbells neither numbered nor positioned those facts as required by Local Rule 56.1.

The foregoing makes clear that the Campbells have long been on notice of the requirements for summary judgment materials.  The Court also provided ample time to prepare for summary judgment, including by extending the deadlines for document productions and depositions, and by extending the deadline for pretrial motions from June 1, 2020 to September 14, 2020.   Despite the Court's guidance and accommodations, the Campbells' summary judgment materials are deficient and fail to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Order at DE 4.  The Court therefore deems each fact in Allstate's Statement of Facts true.

**B.** *Factual Background*

The Campbells hold SFIP policy number 4800630071, issued by Allstate in its capacity as a WYO insurance carrier, for the property located at 4910 Orange Avenue, Fort Pierce, Florida 34947. DE 57 ¶ 1. The SFIP's limits are $250,000 for building coverage, subject to a $1,250 deductible ("Coverage A"), and $100,000 for contents coverage, subject to a $1,250 deductible ("Coverage B"). *Id.* The Campbells' SFIP covered the period from September 28, 2016 through September 28, 2017. *Id.* On or about September 11, 2017, the Cambells reported a flood claim to Allstate. *Id.* ¶ 2. Allstate acknowledged the flood claim, and pursuant to Article VII(J)(7) of the Campbells' SFIP, assigned the loss to an independent adjuster. *Id.* Pursuant to Article VII(J)(8) of the SFIP, independent adjusters are not authorized to approve or disapprove claims. *Id.*

The independent adjuster assigned by Allstate, Sheryl Anderson, inspected the Campbells' dwelling on September 16, 2017 and issued a preliminary report indicating that from September 10-11, 2017, the property was flooded with approximately 13 inches of water on the exterior and 11 inches on the interior. *Id.* ¶ 3. Ms. Anderson submitted an estimate that was approved for payment in the amount of $46,850.75, before deduction of a $5,000 advance. *Id.* The Campbells then requested a re-inspection, at which time Allstate assigned independent adjuster Michael Casey. *Id.* Mr. Casey completed his inspection on February 3, 2018 and submitted an estimate recommending an additional $50,540.86 in payment, which was approved. *Id.* After the Campbells submitted additional documents and information, and following a supplemental desk adjustment by Allstate, an additional $53,875.98 was approved. *Id.*

On February 23, 2018, Shawn Combs, an independent adjuster, prepared an estimate for damages to the Campbells' covered contents and estimated an "Actual Cash Value" of $9,584.05. *Id.* ¶ 5. Mr. Combs' estimate included a note that "[a] fully itemized contents list is

needed in order to address the supplemental portion of the claim for the insured. The list submitted was partial and isnt [sic] complete." *Id.* ¶ 6.

Allstate reviewed and verified the independent adjusters' recommendations for the Campbells' flood claim, and conducted an internal review. *Id.* ¶ 7. Upon doing so, Allstate determined that the covered and payable amount pursuant to the terms of the Campbells' SFIP was $151,267.59 under Coverage A, and $8,334.05 under the Coverage B. *Id.* Allstate therefore issued payments to the Campbells in those amounts. *Id.*

In the case of flood loss, Article VII(J) of the Campbells' SFIP required them to submit a proof of loss within 60 days of their flood loss. *Id.* ¶ 8. On September 12, 2017, however, the Federal Emergency Management Agency (FEMA) issued Bulletin W-17040, which extended the deadline to submit a proof of loss to 365 days from the date of the loss. *Id.* The Campbells, however, did not timely submit a signed and sworn proof of loss for the damages they seek to recover. *Id.* ¶ 9. Nor did the Campbells prepare an inventory of their damaged property showing the quantity, description, actual cash value, and amount of loss. *Id.* ¶ 10. Further, the Campbells failed to attach bills, receipts, and related documents to support alleged damages to their property. *Id.* ¶ 11.

The Campbells filed the instant lawsuit on August 2, 2019. *Id.* ¶ 12. On July 20, 2020, more than two years after the date of their loss, the Campbells sent Allstate the first draft of their contents list. *Id.* ¶ 13. The Campbells sent Allstate a second version of that list on August 3, 2020, pursuant to the Court's order at DE 46. *Id.* ¶ 14.

## IV.   ANALYSIS

**A.**  The Campbells' Failure to Submit a Proof of Loss

Allstate's Motion is granted because the Campbells did not submit a proof of loss statement for amounts they now seek to recover within 365 days of their flood loss, as was required by Article VII(J)(4) of their SFIP (as amended by FEMA Bulletin W-17040).

Congress enacted the NFIA, and in doing so, authorized the establishment of the NFIP. *Sanz v. U.S. Sec'y Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003).  FEMA manages the NFIP but relies on private insurers to administer NFIP policies as fiscal agents of the United States. *Id.*; *Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1339 (11th Cir. 2007). Although the private insurers issue SFIPs, all claims and expenses are paid out of the U.S. Treasury's National Flood Insurance Fund.  *Sanz*, 328 F.3d at 1316 n.1.

An SFIP's terms and conditions are controlled by the NFIA and federal regulations.  *Id.* Every SFIP, regardless of the issuing party, incorporates the same terms and conditions, which are found at 44 C.F.R. Part 61, Appendix A.[2]  Absent the Federal Insurance Administration's written consent, an insurer is powerless to alter an SFIP's terms and conditions.  *Id.* App. A(1), Art. VII(D).  Further, "there must be strict compliance with the terms and conditions of federal flood insurance policies."  *Sanz*, 328 F.3d at 1317-18; *cf. Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947) (recognizing "the duty of all courts to observe the conditions defined by Congress for charging the public treasury.").  Insurers and policyholders are both responsible for understanding the NFIP's rules.  *Cf. Merrill*, 332 U.S. at 384-85 ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents.").

---

[2] The terms of the SFIP that Allstate issued to the Campbells are specifically reflected in 44 C.F.R. Part 61, Appendix A(1).

In the Eleventh Circuit, "failure to file a proof of loss prohibits a plaintiff from recovery" under an SFIP. *Sanz*, 328 F.3d at 1318; *Shuford*, 508 F.3d at 1339. An insurser risks violating the Appropriations Clause of the Constitution if it pays out a claim to a policyholder who did not strictly comply with the terms of an SFIP. *See Sanz*, 328 F.3d at 1318 (recognizing "that the Appropriations Clause's fundamental purpose is 'to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to the individual favor of individual Government agents or the individual pleas of litigants.'") (quoting *Off. of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 428 (1990)).[3]

The Campbells' SFIP, in addition to being reflected in 44 C.F.R. Part 61, Appendix A(1), is reflected in docket entry 57-1 at pages 22-43. Upon sustaining flood loss, Article VII(J)(4) required the Campbells to send Allstate a proof of loss statement within 60 days after their loss. DE 57-1 at 36. Pursuant to Article VII(J)(7), the Campbells' proof of loss statement was due to Allstate regardless of whether an independent adjuster hired by Allstate provided the Campbells a proof of loss form. *Id.* And through FEMA's Bulletin W-17040, the Campbells had 365 days to submit a proof of loss, rather than just 60 days. Given that their flood loss occurred on or around September 10, 2017, the Campbells had until approximately September 10, 2018 to submit a proof of loss form.

The Campbells did not submit a proof of loss form by that deadline; not until July 20, 2020 did they send Allstate a first draft of the list of contents for which they now seek payment. Tellingly, the Campbells did not include a proof of loss form dated on or before September 10, 2018 in their Response. Given the foregoing, the Court concludes that the Campbells failed to file a timely proof of loss, and are thus barred from recovering under their SFIP.

---

[3] Indeed, Allstate notes that it has no reason to avoid paying the Campbells additional funds, since "[t]he more money Allstate pays out in claims, the higher the fee it receives." DE 56 at 7. Allstate states that its only motive for not paying a policyholder is its belief that a claim cannot properly be paid under NFIP rules. *Id.*

**B.**  The Campbells' Failure to Satisfy Conditions Precedent to Filing this Lawsuit

Allstate argues further that because the Campbells failed to satisfy all requirements under their SFIP, they cannot maintain the instant lawsuit.  DE 56 at 11.  The Court agrees.  Article VII(R) of the Campbells' SFIP states: "You may not sue to recover money under this policy *unless you have complied with all the requirements of the policy*."  DE 57-1 at 37 (emphasis added).  As noted above, a policyholder must demonstrate strict compliance with the terms and conditions of his or her flood insurance policy.  *Sanz*, 328 F.3d at 1317-18; *Merrill*, 332 U.S. at 385.

The Campbells failed to comply with multiple SFIP requirements.  First, they failed to file a timely proof of loss form, as discussed above.  Second, they failed to satisfy Article VII(J)(3) of the SFIP, for they did not "[p]repare an inventory of damaged property showing the quantity description, actual cash value, and amount of loss."  DE 57-1 at 35.  Third, the Campbells failed to attach bills, receipts, and related documents to support alleged damages to their property—another requirement in Article VII(J)(3).  *Id.*  Because the Campbells did not strictly comply with their SFIP, Article VII(R) bars them from suing to recover amounts thereunder.

**C.**  The Campbells' Extra-Contractual Claims

Allstate argues that the Campbells improperly allege state law-based, extra-contractual claims for attorney fees, costs, and case expenses incurred to recover under their SFIP.  DE 56 at 13.  Allstate argues that such claims are preempted by federal law.  *Id.*  The Campbells state that their claims are not state law-based, and that their claims for attorney fees, costs and case expenses should be paid.  DE 58 at 17.

To the extent that the Campbells meant to assert their claims under Federal common law, they have not expressly said so, and the Court declines to construe their claims in that fashion.

11

*Cf. Dickerson v. State Farm Fire and Cas. Co.*, No. 06-5181, 2007 WL 1537631, at *2 (E.D. La. May 23, 2007) (dismissing Federal common law extra-contractual claims in a Hurricane Katrina flood loss dispute) ("[T]he court declines to judicially create extra-contractual causes of action under the guise of 'federal common law' for such disputes."). To the extent that the Campbells meant to assert their claims pursuant to the NFIA and FEMA's flood insurance regulations, again, they have not said so. Moreover, Article V(A) of their SFIP is clear that Allstate "only provide[s] coverage for *direct physical loss by or from flood*." DE 57-1 at 32 (emphasis added). Article V(A)(7) of the SFIP further established that Allstate would not pay the Campbells for "[a]ny other economic loss." *Id.*; *see Evans v. Wright Nat'l Flood Ins. Co.*, No. 18-cv-22696-KMM, 2018 WL 7822244, at *2 (S.D. Fla. Aug. 14, 2018) ("[O]nly certain types of loss under SFIPs are covered by federal law. . . . In addition to consequential damages, attorney's fees and costs are similarly barred."). The Campbells' extra-contractual claims thus fail.

**D.** The Campbells' EAJA Claims

Finally, the Campbells seek to to recover attorney fees, case expenses and costs under the EAJA. DE 1 ¶ 12. Allstate argues that these claims are impermissible, since Congress limited the EAJA's applicability to lawsuits involving the United States or a federal agency. DE 56 at 13. Allstate argues that because it is merely a WYO private insurer, it does not qualify as a federal agency, and thus the EAJA does not apply. *Id.* at 14. The Campbells appear to argue that because "Allstate is a fiduciary of the United States," the EAJA applies. DE 59 at 17.

To obtain attorney's fees under the EAJA, a party must be "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). The term "agency" includes:

> [A]ny department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

12

28 U.S.C. § 451.  Several courts have concluded that although a WYO insurer participating in the NFIP is a fiscal agent of the United States, it is not a United States agency under the EAJA. *Dwyer v. Fidelity Nat'l Prop. and Cas. Ins. Co.*, 565 F.3d 284, 288-90 (5th Cir. 2009); *Chatman v. Wright Nat'l Flood Ins. Co.*, No. 3:17-cv-00125-HES-PDB, 2017 WL 3730558, at *2 (M.D. Fla. June 21, 2017); *Perdido Sun Condo. Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, No. 3:06cv318/MCR, 2007 WL 2565990, at *4 (N.D. Fla. Aug. 30, 2007); *Dickerson*, 2007 WL 1537631, at *4.  The Court agrees and concludes that Allstate is not an agency under the EAJA. The Campbells thus cannot recover pursuant to the EAJA.

## V.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Allstate Insurance Company's Motion for Summary Judgment [DE 56] is **GRANTED**.

2. All other pending motions are **DENIED AS MOOT,** all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.

4. Defendant shall submit a proposed final judgment in Microsoft Word format via e-mail to rosenberg@flsd.uscourts.gov.  The proposed final judgment is due within three business days of the date of rendition of this Order. Defendant shall confer with Plaintiff prior to submitting the proposed final judgment and inform the Court, in the e-mail, of the result of the conferral process.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of January, 2021.

Robin L. Rosenberg

Copies furnished to:                              ROBIN L. ROSENBERG
Counsel of record                                 UNITED STATES DISTRICT JUDGE